**MANDATE**

14-804-cv
Andrews v. Sotheby International Ltd.

N.Y.S.D. Case #
12-cv-8824(RA)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of December, two thousand fourteen.

Present:  ROSEMARY S. POOLER,
          BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
                 *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 8, 2015

CLAYTON ANDREWS,

        *Plaintiff-Appellant*,

    v.                                                                 14-0804-cv

SOTHEBY INTERNATIONAL REALTY, INC.,

        *Defendant-Appellee*.

| | |
|---|---|
| Appearing for Appellant: | Inga L. Parsons, Greenwood Law LLC, (Sharon M. Rose, The Rose Law Firm P.C., Evanston, Wyoming, *on the brief*), Marblehead, Mass. |
| Appearing for Appellee: | Ivan R. Novich, Littler Mendelson, P.C., Newark, N.J. |

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Clayton Andrews appeals from the February 18, 2014 order of the United States District Court for the Southern District of New York (Abrams, *J.*) granting the motion to dismiss his complaint made by Sotheby International Realty, Inc. ("SIR"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Andrews principally argues that SIR plainly breached its contract with him by failing to provide him with six months' written notice prior to ending his employment, as required by the noncompete agreement entered into by the parties. He therefore argues that he is entitled to the wages and benefits during the six-month notice period that he would have received but for the breach.

The district court concluded that Andrews did not, and could not, allege any facts demonstrating damages because Andrews seamlessly transitioned from being employed by SIR to being employed by Huntsman Financial Consulting, L.C., the company that purchased the Sotheby's branch office where Andrews worked. We agree. The noncompete agreement is silent on the issue of liquidated damages, and to construe the agreement as Andrews urges requires us to read in language that is simply not there. At bottom, the case law does not stand for the proposition that breach of the notice provision triggers the payment of liquidated damages as a matter of law. The case law cited by plaintiff, notably our decision in *Holt v. Seversky Electronatom Corp.*, 452 F.2d 31 (2d Cir. 1971) merely states that breach of a notice provision is not equivalent to "wrongful discharge" and thus, wages and benefits for the notice period represent the maximum amount of damages plaintiff may recover. *See id.* at 34-35 (" The New York courts have refused, however, to hold that failure to comply strictly with these notice requirements will result in a 'wrongful discharge' in the traditional sense." (footnote omitted)). But notice provisions are not, without more, equivalent to liquidated damages clauses, and do not discharge a plaintiff's duty to mitigate. Here, Andrews fully mitigated his damages by obtaining employment under the same terms, and is therefore not entitled to any further relief. *See Freund v. Washington Square Press, Inc.*, 34 N.Y.2d 379, 382 (1974) ("Money damages are substitutional relief designed in theory to put the injured party in as good a position as he would have been put by full performance of the contract, at the least cost to the defendant and without charging him with harms that he had no sufficient reason to foresee when he made the contract.") (internal quotation marks omitted)

We have considered the remainder of Andrews' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2